Simon, J.
delivered the opinion of the court.
Plaintiff states that on the 27th of January, 1825, Charles McMicken, curator of the estate of Taliaferro Reno, deceased, obtained a judgment against Edmund Monroe and others for the sum of $3773, with interest; that said judgment was duly recorded on the 8th of February ensuing in the office of the parish judge; that on the 4th of January, 1828, an execution issued against the defendants, which was levied on three lots of ground, situato in the town of St. Francisville, known as Nos. 1, 2 and part of No. 12, in square No. 10; that the execution having been enjoined by Edmund Monroe, the sale of the lots was stayed until the 10th of May, 1882, when the injunction was dissolved. He further alleges that on the 9th of April, 1828, the aforesaid judgment was, by virtue of an order of the court of probates, offered for sale and duly adjudicated to one 8. A. Atchison for the sum of $1740; and that the same was afterwards transferred to the plaintiff by Atchison, by an act under private signature, dated 14th May, 1828.
He further represents that on the 80th of April, 1827, E. Monroe executed a mortgage with confession of judgment, in favor of the defendants, thereby hypothecating the said three lots to secure the payment of $1000, &c.; that said defendants are about causing the same to be sold by virtue of an order of seizure and sale by them obtained, and the sale thereof is advertised to [277] take place on the 20th of February, 1837. He also states that the sheriff holds in his possession a certain sum of money proceeding from the' revenues or rent of the property seized, out of which he is entitled to payment in prof *170 erence to subsequent creditors of the defendant in execution. He prays that a writ of injunction issue’to prevent the sale of said property, that the revenues be ordered-to remain in the hands of the sheriff until further order of the court, and that the- seizing creditors be cited to show cause .why the injunction should not be perpetuated.
Defendants answered by first pleading the exception of res judicata, arising from a judgment obtained in their favor against Charles McMicken in two consolidated suits in which- the same matters in controversy were adjudicated upon and finally decided betweed them , and McMicken. ■ They further deny the reality of such a person as Charles M. Randall; they admit the judgment obtainedby McMicken against E. Monroe and others; and they set up their mortgage on the property seized, averring that it was given to secure the payment of a note of $1000, dated. 17th of November, 1825, transferred and assigned to them by one Skillman, from which assignment they have acquired the original vendor’s privilege of said Skillman on the property, which is superior to any other. They pray- that the injunction be dissolved and for damages.
The plea of res judicata was first disposed of by the lower court and overruled ; and after a. full investigation of all the matters in controversy, the judge ® quo perpetuated the injunction, and ordered the proceeds of the sale of the lots in question together with the revenues arising therefrom, which may be cr may hereafter come into the hands of the sheriff, to be first applied to the satisfaction of the plaintiff’s judicial mortgage; from which judgment the defendants appealed.
This is merely a question of distribution for which there was no necessity to arrest the salo of the property seized by the issuing of an injunction; and [278] had the defendants moved the court to dissolve the injunction on the face of the petition, we are not ready to say that the motion should have been overruled; and we concur with the judge ® quo in the opinion that the lega, and proper course which the plaintiff should-have pursued, ought to have been to let the sale be proceeded in, and to make opposition to the proceeds thereof being paid by the sheriff to the defendants before satisfying said plaintiff’s claim. Code of Practice, arts. 678, 679, 688, 684, 401, 402, 403. But the defendants have thought proper to join issue on the matters alleged in the petition, and to go to trial on the respective pleadings of the parties. We shall therefore examine the cáse on its real merits.
The first question to which our attention is called, is that of res judicata. This point presents no difficulty, as the judgment referred to was not rendered between the same parties and- oannot form the plea of res judicata. 6 Martin, N. S. 290; 5 La. Rep. 474. In the former suit, the contestation was between the curator of Reno’s succession and the present defendants; and said curator had clearly no right to prosecute in favor of the succession a claim founded on a judgment which had been- sold several years before. The district judge did not err in overruling said plea.
The next arises from a bill of exceptions taken to' the opinion of the lower court permitting the-introduction in evidence of a certain act under private signature, purporting to -be a deed of transfer of the judgment, from Atchison *171 to Robert Nelson as attorney'-in fact Of the plaintiffthe objections were that it had no date against defendants and'that Nelson appears to act as the agent of O. McM. Randall and not' of O. M, Randall. We think the objections were properly'Overruled, as they go to the effect and not to the admissibility of the evidence; particularly as the plaintiff- offered in the-meantime the testimony .of’ a witness to explain the variance.
On the merits, the defendants aver that their'mortgage should' obtain the preference over that of plaintiff, as-being', older and as carrying with it [279] the vendor’s privilege. Plaintiff’s judgment- was recorded on the 8th of February, 1825, and the act of mortgage given to the defendants by Edmund Monroe on the property in dispute, was passed on the 30th of April, 1827, and recorded on the 31st; so that from the-' dates of the recording of these different mortgages, it-appears clear -that the plaintiff’s judicial mortgage is anterior to the defendants’ conventional one.
But it is contended that the act of- mortgage given to the bank- recites that the property mortgaged is the same-which E: Murmoe had purchased from A. Shillman on the 17th November, 1825 ; and ¡it is insisted'- that the debt which Monroe contracted towards-defendants,Is'the same which was transferred to -them by-Skillman, by the assignment of 'a-note .of $1000, secured by a former mortgage; and-that in consequence of the said assignment and transfer of the note and mortgage made on the 30th April, 1827, the defendants have become invested with'the original-vendor’s privilege of Skill-man on the property, and is-superior to every other privilege or-mortgage on the same.
It is proper to remark that the act of mortgage from Monroe to the hank declares that the debt for which the mortgage is given, is contracted for a loan of money granted by the corporation to-the appearer, and which he acknowledges to have received, and-this alone would perhaps exclude the idea that the consideration was the same as that contended for by the appellants. But even supposing it to be the same, we think the district judge did not err in rejecting their pretensions. It is true -that- the note transferred by Skill-man to the hank, is dated the 17th of November, 1825, and that -the mortgage also transferred is dated the same - day, and recites' the property to he the same which the said Andrew Shillman this dap conveyed to Edmund Monroe ; but no act of sale conveying the property in dispute has been introduced in evidence; none is shown to have ever been recorded, and by the article 3238 of the Louisiana Code, the vendor of an immovable only [280] preserves his privilege on the object sold, when he has caused his act of sale to he duly recorded, &c. ■ The recital in- the - first- deed of mortgage eannot produce any effect to the prejudice of the plaintiff: ¡it -is- a well known rule of evidence that “■» recital in a deed will not operate as an estoppel, or as evidence., against one who was neither a pa/rty to the deed nor claims under the party •; and that such a recital is not evidence against 'a stranger to the second deed. 1 Starkie on Evidence, part 2, sect. 156, p. 369; 2Starkie, part 4, p. 81; Phillips on Evidence, vol. 1, p. 356. The only rights therefore shown by the appellants are those which result from the conventional-mortgage given on the 30th of April, 1827; and-perhaps-.also by virtue of the transfer, *172 from that of the 17th of November, 1825 ; and if so, the bank cannot derive any benefit from them as against the plaintiff, whose judicial mortgage was recorded on the 8th of February, 1825, upwards of nine months previous to the mortgage of Monroe to Skillman. "We conclude therefore that the plaintiff’s mortgage, being anterior in date, ought to be paid in preference to that of the defendants.
But it is urged by appellants’ counsel that the transfer and sale to Atchison, at public auction, by McMicken as curator of Eeno’s succession, and from Atchison to Nelson as agent of Eandall are simulated, and ought to be declared null and void: 1st. Because the curator had no right to sell the judgment until he had executed it against Monroe et ah, or showed there was no property to execute; 2d. Because the curator McMicken was then privy to the auction sale, and the principal actor in said sale; and was also the actor in the transfer from Atchison to Eandall; that no price is fixed in the act of transfer, which is made only for a reducible consideration; and 3d. Because McHicken’s testimony shows that the proceedings were carried on without Bandall’s knowledge, and for the advantage of the curator, Hc[281] Micken, &c. Admitting all these grounds to be correct, which however do not form any part of the issues in this suit, how can the defendants pretend to be benefited thereby ? They are third persons to the acts of the curator; they have no right to complain, and cannot contest the title of the plaintiff to the judgment. It is a matter which concerns exclusively the creditors of Eeno’s succession, or the heirs of the deceased; and if any fraud has been committed by the .curator, such fraud does not bear upon the appellants whose situation and rights cannot be changed or in any way bettered by the illegal or fraudulent acts of McMicken in the administration of the succession. The real and only issue between the parties to this suit, is whether the defendants’ mortgage and alleged privilege is to have the preference over the judicial mortgage resulting from the recording of a judgment which apparently belongs to the plaintiff, whose title, in our opinion, cannot be disputed but by those whose rights or interest may have been affected or prejudiced by the transfer; and it is sufficient, as to defendants, that the plaintiff has shown & prima, facie title. The facts, however, show that the judgment in question was regularly transferred and sold by virtue of an order of the court of probates, and adjudicated to Atchison; that the latter transferred it to the plaintiff through E. Nelson, who acted as his agent or negotiorum gestor ; that said plaintiff has accepted and ratified the act of Nelson by instituting this suit and instructing Joseph E. Thomas, his agent, accordingly; that the signatures of the parties to the act of transfer are genuine; and that the plaintiff has made out such a title to tho judgment as to entitle him to controvert the defendants’ pretensions, and to recover its amount contradictorily with them.
■ The appellee has prayed in his answer that the judgment appealed from be so amended as to allow him the net proceeds of the revenues of the property, collected by the sheriff, whilst it was under seizure. He is undoubtedly entitled to recover such revenues as may have or may hereafter come into the hands of the sheriff from the time the property was seized; to *173 be applied, so far as necessary, to tbe satisfaction of his judicial mort- [282] gage; but on referring to the judgment of the lower court, we find that these revenues have been already and correctly allowed. There is, therefore, no need of our interference.
We have entertained a doubt on the propriety of perpetuating the injunction, which perhaps should have been dissolved, so as to let the sheriff proceed with the sale of the property already seized, under the rules pointed out by the Oode of Practico; but as the appellants do not complain of this part of the judgment, and as this case being one of old standing, the sale of the property will perhaps more expeditiously he made by the plaintiff’s suing out a writ of fieri facias, we are not disposed to disturb the judgment of the lower court.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed, with costs.